**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CAROL ZIEGLER, *on behalf of G.S.*,

                              Plaintiff,

              - v -                                           Civ. No. 1:18-CV-880
                                                              (GLS/DJS)
COLLEEN MULTER, *et al.*,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

CAROL ZIEGLER
Plaintiff, *Pro Se*
P.O. Box 853
Rensselaer, NY 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

        The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Carol

Ziegler on behalf of her granddaughter, G.S.[1]  Dkt. No. 1, Compl.; Dkt. Nos. 1-2 & 1-3,

Suppl. in Support of Compl.  Plaintiff has not paid the filing fee and has instead submitted

an Application to Proceed *In Forma Pauperis* ("IFP").  Dkt. No. 4, IFP App.  By separate

Order, this Court granted Plaintiff's Application to Proceed IFP.  Now, in accordance with

28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

---

        [1] On her civil cover sheet, Plaintiff lists the plaintiff as "Carol Ziegler for [G.S.]."  Dkt. No. 1-1, Civil Cover
Sheet.  In her filings, Ms. Ziegler often lists both herself and G.S. as plaintiffs; it is not clear whether she intends to
pursue this action only on behalf of G.S., or on behalf of herself as well.  For ease of reference, I will refer to Ms. Zielger
as "Plaintiff" and to G.S. by her initials.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed.  *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915[] gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous.").  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).  Indeed, a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint. *Cipriani v. Buffardi*, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted); *see also Casino v. Rohl*, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

*-3-*

FED. R. CIV. P. 8(a).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with

these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that

is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B.  Plaintiff's Claims on Behalf of G.S.

Initially, it appears that Plaintiff intends to bring this lawsuit on behalf of her

granddaughter, G.S., a minor.  While a litigant in federal court has the right to act as his or

her own counsel, "[a] person who has not been admitted to the practice of law may not

represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010)

(citation omitted).  This rule extends to parents:  "[A] parent not admitted to the bar cannot

bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Pultney High*

*School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005).

As such, I recommend that any claims that Plaintiff intends to pursue on behalf of

G.S. be dismissed.  I recommend that Plaintiff be afforded an opportunity to file an amended

complaint, and that should Plaintiff desire to pursue claims on behalf of G.S., she be

provided time to retain counsel or to request the appointment of counsel for G.S.[2]

### C. Allegations Contained in Plaintiff's Complaint

The Court notes that Plaintiff's Complaint fails to satisfy the basic pleading

requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, making it

---

[2] There is no legal right to counsel in civil cases.  However, 28 U.S.C. § 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The Court cautions Plaintiff that while counsel may be appointed in appropriate circumstances, *see* FED. R. CIV. P 17(c); 28 U.S.C. § 1915(e)(1), counsel is not appointed in many cases, particularly where, as here, there is not a fully developed record from which an assessment of the merits of the case can be made. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (stating that, in determining whether to appoint counsel, the court must first determine whether the indigent's claims are likely to be of substance, and then consider a number of factors regarding the nature of the case and the indigent's abilities).

challenging to assess whether or not she has stated a viable claim for relief. *See generally*, Compl. & Suppl. in Support of Compl. From a purely form perspective, her Complaint is devoid of separate enumerated paragraphs, limited to a single set of circumstances, and the Complaint fails to enunciate in a clear manner the facts underlying her claims for relief. In this format, it would be too great of a burden to require a defendant to respond.

In terms of substance, the Complaint describes that G.S. has a number of medical conditions. Dkt. No. 1 at p. 2.[3] Plaintiff attempted to get G.S. into a smaller class size in the Rensselaer School District, but was unable to do so. *Id.* One day at school, G.S. fell asleep and would not wake up; the school did not call Plaintiff, but Child Protective Services (CPS) was called, and Plaintiff discovered that G.S.'s medical conditions were not recorded in her chart at school. *Id.* at p. 3. Plaintiff seeks to obtain permission for G.S. to attend a particular school, a sum of $450,000, and for Defendants to be removed from the school. *Id.* at p. 4.

Dkt. No. 1-2 appears to be a letter that seeks to provide more detail to the Court regarding the underlying facts of the Complaint. This ninety-two page document details Plaintiff's difficulties attempting to get G.S. into a smaller class. Dkt. No. 1-2 at pp. 1-2. It provides more details about the incident in which G.S. fell asleep at school, and how the school modified G.S.'s assignments after she did not complete them, without Plaintiff's consent. *Id.* Plaintiff recounts another incident in which G.S. would not wake up at school; the school blamed Plaintiff for overdosing G.S. on her medication, and would not tell

---

[3] Citations to Plaintiff's Complaint are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

Plaintiff what happened. *Id.* at p. 4. Plaintiff then began homeschooling G.S., believing her health was in danger at school. *Id.* at p. 5. The school did not have G.S.'s medical record, and did not believe that G.S. had the conditions that Plaintiff relayed to them. *Id.* at p. 6. CPS has been to Plaintiff's house about twenty times since. *Id.* Plaintiff tried to send G.S. to another school, but the school district would not approve the school. *Id.* at p. 7. This document provides a significant amount of tangential information in no apparent order, concerning the validity of Plaintiff's homeschooling, an issue with payment for school pictures, and a letter that was sent to her that contained lies.

As noted above, in light of the deficient format of Plaintiff's Complaint, it is impossible for this Court to assess whether a valid claim has been asserted. In its current form, the Complaint is insufficient and should be dismissed. However, in light of her *pro se* status, prior to outright dismissal, it is my recommendation that Plaintiff be given an opportunity to amend her Complaint in order to comply with the basic pleading requirements set forth above. In particular, Plaintiff's Complaint fails to identify the basis for this Court's jurisdiction, or the legal theories on which she bases the action. Although Plaintiff's civil cover sheet provides that this an "Americans with Disabilities - Employment" case, the Complaint does not deal with employment; it appears that Plaintiff may intend to allege claims under the Individuals with Disabilities Education Act, but she does not identify any law under which she believes her claims arise.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of

Civil Procedure.  Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging that the named defendants violated a law, she should specifically make reference to such law.

Finally, as discussed above, should Plaintiff not obtain counsel for G.S., Plaintiff may only file an amended complaint containing claims that she wishes to personally pursue; she should not include any claims intended to be on G.S.'s behalf in any Amended Complaint that she files *pro se*.

-8-

The Court notes that guidance regarding proceeding *pro se* and the *Pro Se* Assistance Program can be found in the *pro se* handbook that was provided to Plaintiff at the time she filed her Complaint.

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915 for failure to state a claim; however, in light of her *pro se* status, it is further

**RECOMMENDED**, that prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to **amend** her Complaint to correct the format and expand upon the facts that would support her claim for entitlement to relief; and it is further

**RECOMMENDED**, that Plaintiff be permitted an opportunity to retain counsel or to request the appointment of counsel for G.S., and that if Plaintiff does not obtain counsel for G.S., she should remove all claims asserted on behalf of her minor granddaughter in any amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or a legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 27, 2018
          Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge