**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CAROL ZIEGLER, *on behalf of G.S.*,

                      Plaintiff,

        - v -                                  Civ. No. 1:18-CV-880
                                                         (GLS/DJS)

COLLEEN MULTER, *et al.*,

                      Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

CAROL ZIEGLER
Plaintiff, *Pro Se*
P.O. Box 853
Rensselaer, NY 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On July 27, 2018, *pro se* Plaintiff Carol Ziegler filed a Complaint on behalf of her granddaughter, G.S.[1] Dkt. No. 1, Compl.; Dkt. Nos. 1-2 & 1-3, Suppl. in Support of Compl. Plaintiff submitted an Application to Proceed *In Forma Pauperis* ("IFP"), which the Court granted. Dkt. Nos. 4 & 6. The Court *sua sponte* performed an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e), and recommended dismissal of the Complaint with leave to replead. Dkt. No. 7. Shortly thereafter, while the Report-Recommendation and Order was pending with the District Court, Plaintiff filed an Amended Complaint. Dkt. No. 8. On September 25, 2018, the District Court adopted the Report-Recommendation and Order, dismissing the Complaint with leave to replead, and referred Plaintiff's Amended Complaint to the undersigned for review. Dkt. No. 10.

---

[1] As in the Court's previous Report-Recommendation and Order, for ease of reference, the Court will refer to Ms. Zielger as "Plaintiff" and to G.S. by her initials.

## I. DISCUSSION

### A. Pleading Requirements

The same standards apply to review of Plaintiff's Amended Complaint as applied to the review of her initial Complaint. Without setting forth those standards in detail again, the Court notes that when "reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure." *Gillich v. Shields*, 2018 WL 2926299, at *3 (N.D.N.Y. Apr. 30, 2018), *report and recommendation adopted*, 2018 WL 2926302 (N.D.N.Y. June 8, 2018). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated." *Veronese v. Finkle*, 2011 WL 6258812, at *2 n. 1 (N.D.N.Y. Dec. 12, 2011) (citing cases). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases).

### B. Allegations Contained in Plaintiff's Amended Complaint

In terms of substance, the Amended Complaint describes that G.S. has a number of medical

conditions, and describes an incident in which G.S. fell asleep in school and the incident was allegedly improperly handled by the school. Am. Compl. at pp. 2-3.[2] Plaintiff also filed what appears to be a letter to the Court with her Amended Complaint, which asserts that the school should have gotten G.S. medical care; that the school has harassed Plaintiff and caused her suffering; that the school did not put G.S. in second grade when it should have; and that Plaintiff had to pull G.S. out of a certain program at the school to keep her from certain Defendants. *Id.* at pp. 5-6. Plaintiff seeks a sum of $450,000. *Id.* at p. 4.

As with Plaintiff's original Complaint, it is impossible for this Court to assess whether a valid claim has been asserted. It is unclear what claims, if any, Plaintiff seeks to assert on her own behalf, and what the legal and factual basis for those claims might be.

As also was the case with Plaintiff's original Complaint, it appears that Plaintiff intends to bring this lawsuit on behalf of her granddaughter, G.S., a minor. As outlined in the Court's previous Report-Recommendation and Order, "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted). As such, I again recommend that any claims that Plaintiff intends to pursue on behalf of G.S. be dismissed.

In its current form, the Complaint is insufficient and should be dismissed. The Court recommends, however, that Plaintiff be given a final opportunity to amend her Complaint. It is unclear whether her Amended Complaint crossed in the mail with the Report-Recommendation and Order, and she therefore may not have had the benefit of reviewing it, as well as the District Court's Order, prior to her filing. The Court again advises Plaintiff that should she be permitted to amend

---

[2] Citations to Plaintiff's Complaint are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

her Complaint, any amended pleading she submits shall supersede and replace in its entirety the previous Complaints, and they must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. I again recommend that Plaintiff be provided time to retain counsel or to request the appointment of counsel for G.S in the event that she desires to pursue claims on behalf of G.S.[3] Should Plaintiff not obtain counsel for G.S., Plaintiff may only file an amended complaint containing claims that she wishes to personally pursue.

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915 for failure to state a claim; however, it is further

**RECOMMENDED**, that prior to dismissing Plaintiff's Amended Complaint in its entirety, Plaintiff be provided a final opportunity to **amend** her Complaint to correct the format and expand upon the facts that would support her claim for entitlement to relief; and it is further

**RECOMMENDED**, that Plaintiff be permitted an opportunity to retain counsel for G.S., and that if Plaintiff does not obtain counsel for G.S., she should remove all claims asserted on behalf of her minor granddaughter in any amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

---

[3] The Court notes that Plaintiff sought appointment of counsel by the Court. Dkt. No. 9. After considering the factors outlined by the Second Circuit, in particular that the Court had recommended dismissal of the Complaint, the Court denied Plaintiff's application without prejudice to renew. Dkt. No. 10 (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989); *Terminate Control Corp.*, 28 F.3d 1335 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  October 2, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or a legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).