**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**CAROL ZIEGLER, on behalf of G.S.,**

                    **Plaintiff,**            1:18-cv-880 (GLS/DJS)

          v.

**COLLEEN MULTER et al.,**

                    **Defendants.**

**APPEARANCES:**            **OF COUNSEL:**

**FOR PLAINTIFF:**
Carol Ziegler
Plaintiff
*Pro Se*
P.O. Box 853
Rensselaer, NY 12144

**Gary L. Sharpe**
**Senior District Judge**

# ORDER

The above-captioned matter comes to this court following a Report-Recommendation and Order by Magistrate Judge Daniel J. Stewart duly filed on October 2, 2018. (Dkt. No. 12.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections

filed by the parties herein.[1]

No objections having been filed, and the court having reviewed the Report-Recommendation and Order for clear error, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED** pursuant to 28 U.S.C. § 1915 for failure to state a claim; and it is further

**ORDERED** that, in light of plaintiff's *pro se* status, plaintiff is provided a final opportunity within thirty (30) days from the date of this Order to submit an amended complaint. Any such amended complaint, which shall supersede and replace in its entirety the previous amended complaint filed by plaintiff, must clearly state the nature of the suit and the basis for this court's jurisdiction. The body of plaintiff's amended complaint must contain

---

[1] Plaintiff did not file objections, but she has filed a letter in which she explains her difficulties in obtaining counsel and making other generalized complaints about defendants. (Dkt. No. 13.) Even if that letter was considered as objecting to the Report-Recommendation and Order, it would warrant review for clear error only as it includes, at best, non-specific, general objections. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages in full compliance with Fed. R. Civ. P. 8 and 10 as to the proper form for her pleadings; and it is further

**ORDERED** that plaintiff is permitted a final opportunity to retain counsel for G.S., and that, if plaintiff does not obtain counsel for G.S., she should remove all claims asserted on behalf of her minor granddaughter in any amended complaint; and it is further

**ORDERED** that plaintiff's letter, construed by the court as a request for appointment of counsel (Dkt. No. 13), is **DENIED** with leave to renew[2]; and it is further

---

[2] In *Terminate Control Corp v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon a motion for appointment of counsel. The threshold consideration in ruling on such an application is a showing of some likelihood of merit. *Id.* at 1341. Only if the claim meets this threshold requirement, should the Court then consider the other relevant factors. *See id.* at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). Here, given that plaintiff's amended complaint has been dismissed pursuant to 28 U.S.C. 1915 for failure to state a claim with leave to amend to cure all deficiencies, plaintiff has not satisfied this initial showing that her lawsuit is likely to be of substance. If plaintiff files an amended complaint and it survives initial review by Judge Stewart, plaintiff may renew her application for the appointment of counsel.

3

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

October 26, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge